UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD P. GAMBINO, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICE AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND,<br>          Plaintiffs,<br><br>vs.<br><br>LANDERHOLM ELECTRIC COMPANY, INC.,<br>          Defendant,<br><br>and<br><br>CITIZENS BANK,<br>         Trustee. | C.A. No. |

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit

contributions and interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W.  Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).  The Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4.      Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W.  Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).  The Electrical Workers' Pension Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5.      Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W.  Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).  The Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit

benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Joint Apprenticeship Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

8. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Educational and Cultural Fund, Local 103, I.B.E.W. The Electrical Workers' Educational and Cultural Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

9. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund. Bradley is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The National Electrical Benefit Plan is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

10. The Health and Welfare, Pension, Supplementary Health and Welfare, Deferred Income, Joint Apprenticeship and Training Trust, and National Electrical Benefit Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as "the Funds."

11. Defendant Landerholm Electric Company, Inc. (hereinafter "Landerholm") is a Massachusetts corporation with a principal place of business at 19 Riverside Avenue, Brockton, Massachusetts and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

12. Upon information and belief, Citizens Bank is a banking institution holding assets of the Defendant.

## GENERAL ALLEGATIONS OF FACT

13. On or about March 10, 2000, Landerholm signed a Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W. A true and accurate copy of the Letter of Assent is attached hereto as Exhibit A.

14. Landerholm has been a party to successive collective bargaining agreements, including the agreement which is currently effective for the period September 1, 2006 through August 31, 2011, a copy of which is attached hereto as Exhibit B (hereinafter "NECA Agreement").

15. The NECA Agreement, like its predecessor agreements, requires signatory employers to make contributions to the Funds for each hour worked by covered employees. The

4

NECA Agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked and specifies further that these amounts are to be paid by the 15th of the subsequent month. The NECA Agreement also specifies that working dues are to be deducted from the pay of each employee and forwarded to the Funds. The Funds and the Union have a separate agreement which allows the Funds to collect the working dues on behalf of the Union.

16. Section 502(g)(2) of ERISA mandates that a signatory contractor pay interest using the rate provided under the relevant plan, if applicable. 29 U.S.C. §1132(g)(2). Here, Section 6.37(f) of the NECA Agreement provides that a delinquent fee must be paid for all payments made after the 15th of the month. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month. See Funds' Collection Policy, §4.05, attached hereto as Exhibit C.

17. Landerholm reported but failed to remit payment of $19,643.02 in contributions for September, 2008 and $28,572.18 in contributions for October, 2008. It also owes an as yet unreported amount for November, 2008 plus $3,214.83 in interest on late payments.

## COUNT I - VIOLATION OF ERISA

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19. Absent an order from this Court, the Defendant will continue to fail to pay the contributions and interest it owes the Funds, and the Funds and their participants will be irreparably damaged.

20. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

21. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above.

22. The failure of Landerholm to pay contributions and interest violates the terms of the NECA Agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Landerholm held by Citizens Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of Landerholm;

c. Enter a preliminary and permanent injunction enjoining Landerholm from refusing or failing to make payment of contributions owed to Plaintiff Funds;

d. Enter judgment in favor of the Plaintiff Funds on Counts I and II for the $48,215.20 in contributions owed for September and October, 2008, plus the unreported amounts owed for November, 2008, the $3,214.83 in interest on late payments and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with interest, liquidated damages and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2); and

 e. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

RICHARD P. GAMBINO, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., *et al.*,

By their attorneys,

*/s/ Anne R. Sills*

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal Roitman, LLP
111 Devonshire Street
5th Floor
Boston, MA 02109
(617) 742-0208
asills@segalroitman.com

Dated: January **15**, 2009

## VERIFICATION

I, Richard P. Gambino, Administrator for the Electrical Workers' Health & Welfare Fund, Local 103, I.B.E.W., verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS **13th** DAY OF JANUARY, 2009.

*/s/ Richard P. Gambino*
Richard P. Gambino

ARS/gag&ts
3013 08-444/complt.doc

7